Filed 5/17/13  Karen M. v. Superior Court CA5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| KAREN M.,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>THE SUPERIOR COURT OF FRESNO COUNTY,<br><br>　　　　　Respondent;<br><br>FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>　　　　　Real Party in Interest. | F066868<br><br>(Super. Ct. No. 0082981-7)<br><br>**O P I N I O N** |

### THE COURT*

ORIGINAL PROCEEDINGS; petition for extraordinary writ review.  Mary D. Dolas, Commissioner.

Catarina M. Benitez, for Petitioner.

No appearance for Respondent.

Kevin Briggs, County Counsel, and William G. Smith, Deputy County Counsel, for Real Party in Interest.

-ooOoo-

---

*　　Before Cornell, Acting P.J., Gomes, J., and Franson, J.

Karen M. seeks extraordinary writ review (Cal. Rules of Court, rule 8.452) from the juvenile court's orders issued at a contested dispositional hearing denying her reunification services under Welfare and Institutions Code section 361.5, subdivision (b)(10), (11) and (13)[1] and setting a section 366.26 hearing as to her seven-month-old daughter, N.B. Karen contends there is insufficient evidence to support the dispositional order denying her reunification services. We deny the petition.

## PROCEDURAL AND FACTUAL SUMMARY

Karen is a 34-year-old woman with a long history of drug abuse and numerous criminal convictions. She has given birth to seven children, including N.B., the subject of this petition. None of the children are in her custody and the six eldest have been adopted. Because Karen's child welfare history is germane, we begin our factual summary there.

In 1995, Karen's first child, a daughter, A., was removed at birth because of Karen's drug use (cocaine and marijuana). In 1997, Karen entered residential drug treatment but was discharged after three days for using cocaine. The juvenile court terminated reunification services and in 1999, A. was adopted.

In December 2002, Karen gave birth to a son, E., while she was incarcerated in state prison on a parole violation. She was ordered to complete a substance abuse assessment and submit to random drug testing. She was released from prison in March 2003 and within five days tested positive for marijuana. She was arrested in April 2003 and unable to complete her services. The juvenile court terminated her reunification services and E. was adopted.

---

**1** All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

2

Karen gave birth to four more children between 2003 and 2009 and continued to use drugs. Karen's third child was removed in 2003 while Karen was incarcerated, her fourth and fifth children were removed in 2006 and 2008, respectively, because of her marijuana use, and her sixth child, a daughter, B., was removed in 2009 because Karen was using and selling cocaine. The juvenile court denied Karen reunification services as to each child under two or more subparts of section 361.5, subdivision (b)(10), (11) and (13) because of her ongoing drug use and freed the children for adoption.

These dependency proceedings were initiated in October 2012, approximately two weeks after Karen gave birth to N.B. At the time, Karen was an inpatient at the Spirit of Women substance abuse treatment facility as a condition of probation. Social worker Kameka McGee from the Fresno County Department of Social Services (department) told Karen that if she left the Spirit of Women, the department would take N.B. into protective custody.

On October 15, 2012, McGee and a Fresno police officer met with the Director of the Spirit of Women, who stated that Karen was being discharged from the program for violating the rules. One such violation occurred several days before when Donald F., A.'s father, delivered some cigarettes for Karen during a time when she was not allowed visitors.

Karen told McGee that she wanted to leave Spirit of Women and move in with Donald. Apparently after realizing she could not leave the program with N.B., Karen became upset and irrational. She was involuntarily committed to a psychiatric facility and N.B. was taken into protective custody.

The department filed a dependency petition alleging that Karen's history of untreated substance abuse resulted in the abuse and neglect of N.B.'s siblings and that there was a substantial risk that N.B. would suffer serious physical harm or illness if left in Karen's care.

3

The juvenile court ordered N.B. detained pursuant to the petition and set a jurisdictional/dispositional hearing (combined hearing) that was continued and conducted as a contested hearing in February 2013.

Meanwhile, on October 26, 2012, Karen entered residential treatment at WestCare. According to Mara O'Neill, Karen's substance abuse counselor, Karen tested negative for drugs upon her admission to WestCare and was fully compliant with the program requirements.

In its report for the combined hearing, the department informed the juvenile court that Karen had weekly supervised visits with N.B. at WestCare. Karen was loving and affectionate with N.B. and the department had no concerns with the quality of visits. The department, however, recommended that the juvenile court deny Karen reunification services under section 361.5, subdivision (b)(10), (11) and (13) based on her history of drug use and failure to reunify with N.B.'s siblings. The department also recommended that the juvenile court deny N.B.'s father reunification services because he was incarcerated and the department did not know when he would be released.

Mara O'Neill testified Karen was a WestCare resident in December 2011 but was terminated from the program. Karen returned to WestCare in October 2012 on probation for drug possession. O'Neill testified Karen's attitude toward recovery had vastly improved since 2011. She was making good progress and her drug screens were negative.

Karen testified that she was using cocaine on a regular basis at the time B. was born in 2009. After B.'s birth, she stopped using cocaine on her own and had not used it or marijuana since. She denied she was mandated to complete drug treatment as a condition of probation but admitted to being on probation. She said she entered Spirit of Women voluntarily after hearing of the program from a friend. She said she wanted to

leave Spirit of Women because it did not provide her the structure she needed. She denied wanting to leave the program to live with Donald.

Karen further testified she completed seven months of drug treatment at WestCare. She planned to complete aftercare, continue mental health counseling, work, and attend school.

The juvenile court exercised its dependency jurisdiction and denied Karen and N.B.'s father reunification services as recommended.[2] This petition ensued.

## DISCUSSION

Karen contends the juvenile court erred in denying her reunification services under section 361.5, subdivision (b)(10), (11) and (13).[3] We conclude the juvenile court properly denied Karen reunification services.

"There is a presumption in dependency cases that parents will receive reunification services. [Citation.] Section 361.5, subdivision (a) directs the juvenile

---

**2**     N.B.'s father did not file a writ petition.

**3**     Section 361.5, subdivision (b)(10), (11) and (13) provides in relevant part:

"(b) Reunification services need not be provided to a parent … when the court finds, by clear and convincing evidence …: [¶] … [¶] (10) [t]hat the court ordered termination of reunification services for any siblings … of the child because the parent … failed to reunify with the sibling … [and the] parent … has not subsequently made a reasonable effort to treat the problems that led to removal of the sibling … of that child from that parent.… [¶] (11) [t]hat the parental rights of a parent over any sibling … of the child had been permanently severed, … [and the] parent has not subsequently made a reasonable effort to treat the problems that led to removal of the sibling … of that child from the parent. [¶] … [¶] (13) [t]hat the parent … of the child has a history of extensive, abusive, and chronic use of drugs or alcohol and has resisted prior court-ordered treatment for this problem during a three-year period immediately prior to the filing of the petition that brought that child to the court's attention, or has failed or refused to comply with a program of drug or alcohol treatment described in the case plan … on at least two prior occasions, even though the programs identified were available and accessible."

court to order services *whenever* a child is removed from the custody of his or her parent *unless* the case is within the enumerated exceptions in section 361.5, subdivision (b). [Citation.]  Section 361.5, subdivision (b) is a legislative acknowledgement 'that it may be fruitless to provide reunification services under certain circumstances.' [Citation.]" (*Cheryl P. v. Superior Court* (2006) 139 Cal.App.4th 87, 95-96 (*Cheryl P.*).)

In this case, the juvenile court found that three of the exceptions under section 361.5, subdivision (b) applied to Karen: the exceptions enumerated as subparts (b)(10), (11) and (13).  Karen contends there was insufficient evidence to support a finding that any of them applied to her.

In order to deny a parent reunification services under section 361.5, subdivision (b), the juvenile court only needs to find sufficient evidence to support one of the subparts.  (*Randi R. v. Superior Court* (1998) 64 Cal.App.4th 67, 72.)  We will uphold the juvenile court's dispositional order denying reunification services if it is supported by substantial evidence.  (*Cheryl P.*, *supra*, 139 Cal.App.4th at p. 96.)

We conclude substantial evidence supports a denial of services under section 361.5, subdivision (b)(11) which allows the juvenile court to deny reunification services to a parent whose parental rights over any sibling or half sibling of the child were permanently severed and the "parent has not subsequently made a reasonable effort to treat the problems that led to removal of the sibling or half sibling of that child from the parent."

Here, it is undisputed Karen's parental rights to N.B.'s siblings were terminated. Karen contends, however, that section 361.5, subdivision (b)(11) does not apply to her because she subsequently made reasonable efforts to address her drug abuse.  She points to her negative drug screen upon entering WestCare as evidence she abstained from drug use and her full participation in the program as evidence of her recovery efforts.  Karen ignores, however, other persuasive evidence of her ongoing drug use.  For example, she

6

was a resident of WestCare in December 2011, which would indicate she was struggling with drug use then. In addition, she was convicted of drug possession and tested positive for her probation officer not long before she entered WestCare in late October of 2012. Thus, she was using drugs and was mandated to complete drug treatment. She did not do so voluntarily. Further, she was attempting to leave Spirit of Women in mid-October 2012 when the department intervened to protect N.B. On this evidence, the juvenile court could find that Karen failed to make reasonable efforts to treat her drug abuse.

Having concluded substantial evidence supports the juvenile court's order denying Karen reunification services under subdivision (b)(11) of section 361.5, we need not review the juvenile court's denial of services under subdivision (b)(10) and (b)(13).

## DISPOSITION

The petition for extraordinary writ is denied. This opinion is final forthwith as to this court.